# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 29, 2009

Paul R. Schlitz, Esq.
Jenkins Block & Assocs. P.C.
1040 Park Avenue
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Teresa Collison v. Michael J. Astrue, Commissioner of Social Security, PWG-08-234**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Collison's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Papers No. 9,18,25). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Ms. Collison (sometimes referred to as "Claimant") filed applications for DIB and SSI on February 11, 2004, alleging that she became disabled on November 1, 2003, due to asthma, obesity, depression, degenerative disc disease, and GERD.(Tr. 17,48-50, 64). After her claim was denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Judith A. Showalter on January 5, 2007. (Tr. 36-46,475-505). In a decision dated April 21, 2007, the ALJ found that although her lumbar degenerative disc disease, asthma, active drug use, depression, and obesity were "severe impairments" they did not meet or equal a listed impairment. The ALJ found that Claimant retained the residual functional capacity ("RFC") to perform a range of unskilled light work. The ALJ also found Claimant was not able to perform any of her past relevant work ("PRW"). After receiving testimony from a vocational expert ("VE")the ALJ found there were jobs available in significant numbers which Claimant could perform. Accordingly the ALJ denied Ms. Collison's claims. (Tr. 14-23). On December 12, 2007, the Appeals Council denied Ms.

Collison's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner.(Tr. 4-6). This appeal followed.

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Claimant presents several arguments in support of her contention that the ALJ's decision is not supported by substantial evidence. For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

First, Claimant argues that ALJ erred by relying on the opinions of non-examining State Agency physicians, Dr. Hakkarinen and Dr. Gieseken. I disagree. SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[1] The ALJ adequately discussed the reasons for affording the State Agency physicians' opinions significant weight. (Tr. 21). Dr. Carlos Geiseken's assessment stated, *inter alia,* that Claimant was "moderately" limited in her ability to maintain attention concentration persistence or pace and experienced one episode of decompensation. (Tr. 379). Equally important is that in rendering his opinions, Dr. Geiseken provided an explanation for his opinions including the statement that Claimant had a "history of psychiatric hospitalizations" and he noted that in rendering his opinions he had reviewed the "consultative psychiatric examination report." (Tr. 367). Claimant also takes issue with the code numbers listed for Dr. Hakkrinen and argues that 2 different code numbers render his

---

[1] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists **may be entitled to greater weight than the opinions of treating or** examining sources. SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).

opinion irrelevant. However, a doctors' specialization is only one of the many factors that an ALJ is required to consider. See 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i); see also SSR 96-6p. When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford considerable weight to the DDS physician's assessments.  In sum, the ALJ provided adequate explanation for his decision to afford great weight to the DDS doctors' opinions. (Tr. 21).

Ms. Collison also argues that there is no medical support for the ALJ's determination of her RFC and the ALJ erred by failing to consider properly the opinions of her treating physician, Dr. Kurtz.  For the reasons that follow, I find her arguments without merit.  A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §416.927(d)(2). While treating source opinions on issues reserved to the Commissioner --such as determining a Claimant's RFC--are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the record as a whole. In this case, I find that the ALJ fulfilled this duty.

Claimant was diagnosed with a mood disorder in 2004. There is no question that during her initial diagnosis and treatment Ms. Collison suffered from various symptoms of depression.(Tr. 20). However, the ALJ found, and Claimant testified, that her symptoms were better with medication. (Tr. 492).  The ALJ discussed Dr. Kurtz's opinions and did not ignore them in determining whether she met a listing as Claimant alleges. Rather the ALJ found that Dr. Kurtz's opinions were entitled to no more than "little weight", because they were not supported by any records or treatment notes. (Tr. 20).  Claimant bears the burden of production and proof through the first four steps of the evaluation process. *Pass v. Chater*, 65 F.3d 1200 (4th Cir. 1995). After careful review of the record in this case I find that Claimant failed to meet her burden and the ALJ's decision that she is not disabled is supported by substantial evidence.  For example, there are none of Dr. Kurtz's treatment notes in the record. The ALJ left the record open for that very purpose. Furthermore the consultative psychiatric examiner's report reveals that Claimant's condition improved, and the doctor stated that Claimant was able to get along with other people and could relate to co-workers and supervisors, visited with friends and relatives, and cared for her own personal needs.  (Tr. 363-364).

3

This evidence seriously undermines the treating physician's unsupported opinions. When viewed in it's entirety, as is required, the evidence in the record supports the ALJ's determination to afford little weight to Dr. Kurtz's opinion.

Finally, Ms. Collison argues that the ALJ failed to assess her credibility appropriately, by improperly considering her smoking and discussing Dr. Bain's opinion that she was "exaggerating her coughing symptoms". *See* Plaintiff's Memorandum, pp. 11-12. After review of the ALJ's decision and the entire record, I find the Claimant's arguments are without merit. The ALJ fully and adequately explained her credibility determination. *See* SSR 96-7p. In determining Claimant's credibility and the impact that her alleged impairments had on her ability to work, the ALJ stated that he considered among other things, the report from Dr. Bain. Dr. Bain observed Claimant in his office and stated in his report that Ms. Collison had some dramatic episodes of cough which were somewhat exaggerated. (Tr. 21, 355-357). This information provided by a physician is exactly the type of evidence the ALJ is required to consider pursuant to 96-7p[2]. Furthermore an ALJ can consider a Claimant's failure to stop smoking in determining credibility

---

[2] SSR 96-7p, in relevant part, states:
4. In determining the credibility of the individuals statements the adjudicator must consider the entire case record, including the objective medical evidence, **the individual's statements about symptoms, statements and other information provided by treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in the case record** in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.
5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms. **The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals statements and the reasons for that weight**. (1996 WL 374186 *1-*2) (emphasis added).

4

when medical evidence shows that doctors recommended smoking cessation and that smoking impacted conditions such as COPD. *Mouser v. Astrue*, 545 F.3d 634 (8th Cir. 2008).  In sum, these factors, coupled with Ms. Collison's testimony regarding her activities, were appropriately considered[3], and they provide substantial support for the ALJ's conclusion. (Tr. 20, 328-331, 356).

 Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.


DATED: 9/29/09           _____/s/_____
                   Paul W. Grimm
                   United States Magistrate Judge

---

[3] SSR 96-7p also provides: the adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individuals statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p(1996 WL 374186, *2 (S.S.A.))

5